IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-cr-00320-HZ |
| | No. 3:19-cr-00573-HZ |
| Plaintiff, | No. 3:20-cr-00131-HZ |
| | |
| | OPINION & ORDER |
| v. | |
| | |
| HARVEY R. JOHNSON, | |
| | |
| Defendant. | |

Natalie K. Wight
Gregory R. Nyhus
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

  Attorneys for Plaintiff

Robert Hamilton
Federal Public Defender's Office
101 S.W. Main Street
Suite 1700
Portland, OR 97204

  Attorneys for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant's Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)(Compassionate Release), ECF 104, 46, 22.[1] For the reasons that follow, the Court denies Defendant's Motions.

## BACKGROUND

On September 10, 2013, Defendant escaped from a Seattle residential reentry center where he was housed after his convictions for three bank robberies and a parole revocation. On September 13, 2013, Defendant robbed a bank in Tigard, Oregon at knifepoint and fled to Nevada. Defendant was apprehended and on October 23, 2013, he was indicted in the United States District Court for the Western District of Washington with one count of escape in violation of 18 U.S.C. § 751(a). On June 13, 2014, Defendant was sentenced in the Western District of Washington to an 18-month term of imprisonment and two years of supervised release (Case No. 3:20-cr-00131-HZ after transfer to this Court).

On August 6, 2014, Defendant was indicted in this Court with one count of bank robbery in violation of 18 U.S.C. § 2113(a)(e) for the September 13, 2013 robbery (Case No. 3:14-cr-00320-HZ). On February 2, 2017, Defendant pled guilty to the one count of bank robbery. On February 10, 2017, the Court sentenced Defendant to a 60-month term of imprisonment and three years of supervised release.

On November 13, 2019, while on supervised release from case no. 3:14-cv-00320-HZ, Defendant entered a branch of U.S. Bank in Portland, Oregon; approached a teller; and stated, "Give me all the 50s and 100s now or I will shoot customers." Presentence Report ("PSR")

---

[1] Defendant filed identical motions in each of his three cases.

¶ 16.² The teller gave Defendant $2,685 in United States currency and Defendant left. Defendant was apprehended and on April 20, 2021, he pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a)(e) (Case No. 3:19-cr-00573). On April 28, 2021, Defendant was sentenced to a 60-month term of imprisonment and three years of supervised release.³

On April 19, 2024 Defendant filed Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in each of his cases. The Court took Defendant's Motions under advisement on May 10, 2024.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, amended § 3582(c)(1)(A) to allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

---

² The Court's citations are to the PSR filed in Case No. 3:19-cr-00573-HZ, ECF 37.
³ Defendant's projected release date is March 31, 2025.

3 - OPINION & ORDER

>> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)   Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons. Before November 1, 2023, the Sentencing Commission's policy statement applied only to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. The Ninth Circuit concluded that on a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* at 802 (citation omitted). On November 1, 2023, however, the Sentencing Commission amended the sentencing guidelines and explained that the amendment "extends the applicability of the policy statement to defendant-filed motions." U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* (Effective Nov. 1, 2023) at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Accordingly, a defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement.

The policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

4 - OPINION & ORDER

A defendant seeking a reduction of his sentence bears the burden to establish that he has exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020)(citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)(defendant bears the burden to establish entitlement to sentencing reduction)).

## DISCUSSION

### I. Exhaustion

Defendant requested compassionate release from the warden of FCI Sheridan more than 30 days before he filed his Motions and received no response. Def.'s Mot. at 5-6, ECF 104.[4] Accordingly, Defendant's Motions are ripe for review.

### II. Merits

Defendant is 69 years old and notes he has severe osteoarthritis damage to his knees and a full rotator-cuff tear in his left shoulder that cause him extreme pain and significantly limit his mobility. Defendant asserts his age and medical conditions constitute an extraordinary and compelling reason for early release to a halfway house.

The Government notes Defendant "appears to fit the criteria" of U.S.S.G. § 1B1.13(b)(2), which provides: "Extraordinary and compelling reasons exist under any of the following circumstances . . . [t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less." The government

---

[4] The Court's citations are to the docket numbers in Case No, 3:19-cr-00573-HZ.

5 - OPINION & ORDER

asserts, however, that the § 3553(a) factors counsel against any reduction in Defendant's sentence and, therefore, the Court should deny Defendants' Motions.

Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021)(internal quotation and citation omitted).

The nature and circumstances of the Defendant's offenses are serious. Defendant escaped from the Seattle RRC, where he was housed after multiple convictions for bank robbery and a supervised release violation; robbed a bank at knife point and fled to Nevada; and while on supervised release from that conviction robbed another bank and threatened to shoot customers.

Defendant's history and characteristics are also troubling. Although Defendant is 69-years old, he has a 50-year criminal history that includes several bank robberies that involved threats of violence, other crimes that involved violence, and repeated violations after being released early. For example, in 1974 Defendant shot a taxi driver and stole the driver's wallet and his taxi. He was convicted of robbery and assault and sentenced to 20 years imprisonment.

Defendant served five years and was released early. In 1979 Defendant participated in a string of motel robberies and a bank robbery. Defendant was convicted of robbery while armed with a deadly weapon, attempted robbery with a deadly weapon, possessing stolen property, and witness tampering, and in 1983 sentenced to 20 years imprisonment. Defendant was paroled less than a year later and seven months after parole he robbed two banks, threatening to kill a teller. Defendant was convicted of two counts of bank robbery and sentenced to 20 years imprisonment. He was paroled after 10 years and his parole was revoked several times for new offenses. In 2000, one day after his third parole release from the 1985 bank robbery convictions, Defendant robbed another bank, threatening to shoot the teller or customers. Defendant was convicted of felony theft and sentenced to 10 years imprisonment in 2001. In 2013 Defendant escaped from the Seattle RRC, cut off his GPS monitor, and robbed another bank. In summary, Defendant has robbed six banks, a string of motels, and a taxi driver using a gun, a knife, and numerous threats. The PSR also reflects that Defendant has escaped from custody, fled from traffic stops, provided false names to police, tampered with witnesses, and possessed drugs and weapons. Most of these offenses occurred within months, or sometimes days, of his release from prior offenses.

In addition, Defendant has a poor disciplinary record while incarcerated. For example, across multiple incarcerations he has been sanctioned for refusing to obey orders, being in an unauthorized area with a female, violating visitation rules, possessing intoxicants, misusing equipment, escape, threatening bodily harm, destroying property, refusing to obey orders, refusing a work assignment, and stealing. PSR ¶¶ 48, 54. Under similar circumstances this Court and other courts in this district have found the § 3553(a) factors counsel against compassionate release. *See, e.g., United States v. Ostrander*, No. 3:14-CR-00393-HZ, 2023 WL 6972465, at *3

7 - OPINION & ORDER

(D. Or. Oct. 23, 2023)(denying request for compassionate release of defendant with a 33-year criminal record including convictions for multiple crimes involving violence and firearms); *United States v. Dean*, No. 3:18-cr-119-SI, 2020 WL 3073199, at *11 (D. Or. June 10, 2020)(denying sentence reduction based on the defendant's extensive criminal record and history of committing further offenses "while on probation, supervised release, or post-prison supervision," and noting that "the Court has no confidence that supervision will be successful now.").

Although Defendant asserts he has osteoarthritis damage to his knees and a rotator cuff tear that significantly limit his mobility and cause extreme pain, the record reflects he had these conditions in 2019 when he robbed the U.S. Bank. PSR ¶ 68. The PSR noted these conditions and they were considered by the Court in assessing Defendant's sentence.

In summary, the nature and circumstances of Defendant's underlying offenses are significant and the history and characteristics of Defendant are troubling. The sentence imposed by this Court reflects the seriousness of the offenses, affords adequate deterrence, and protects the public from further crimes by Defendant. *See* 18 U.S.C. § 3553(a)(2). Finally, Defendant has not shown that he no longer poses a danger to the community. The Court, therefore, concludes that Defendant has not carried his burden to show that a reduction of his sentence would be consistent with the federal sentencing factors. Accordingly, the Court denies Defendant's Motions to Reduce Sentence.

## CONCLUSION

The Court DENIES Defendant's Motions for Sentence Reduction Under 18 U.S.C.

§ 3582(c)(1)(A)(i), ECF 104, 46, 22.

IT IS SO ORDERED.

DATED: <u>    May 24, 2024    </u>.

_Marco Hernandez_ (signature)<br>
MARCO A. HERNÁNDEZ<br>
United States District Judge

9 - OPINION & ORDER